## J. RICH STEERS, Inc. v. GREAT LAKES DREDGE & DOCK CO.

No. 253, Docket 20964.

Circuit Court of Appeals, Second Circuit.

May 20, 1948.

Henry C. Eidenbach, of New York City (Hagen & Eidenbach, of New York City, of counsel), for appellant.

Leo F. Hanan, of New York City (Macklin, Brown, Lenahan & Speer, of New York City, of counsel), for J. Rich Steers, Inc., libelant-appellee.

Before L. HAND, SWAN, and CLARK, Circuit Judges.

PER CURIAM.

It is true that the district judge did not find in so many words that the blow which the dredge delivered to the scow "H.S. 56" and which that scow passed on to the scow "H.S. 51" was more violent than is to be expected in the harbor, often spoken of as a "harbor bump"; but in his opinion he says that he accepted the testimony of the libellant's witnesses, and this he repeated in the thirteenth finding of fact; so that we may assume that he incorporated the testimony in that finding. Thompson, who was on the scow "H.S. 56," testified that "the blow was so hard it knocked me right off my feet." Swansen, who was either on the "56," or on a rowboat alongside, said that when the "Mogul" "came over and hit us I almost lost my balance. * * * it almost knocked me overboard." Serviss, another witness, described the blow as "a good solid blow against the scow 56, and everything went ringle-wrangle for a minute." We should not be justified in holding that it was "clearly erroneous" to find that the collision was more than a "harbor bump."

In addition, the master of the dredge, Parrish, knew that timbers protruded from the concrete wall alongside of which the scow was moored, and even told the libellant's engineer that "they were going to do some damage probably to our steel scows, leave alone a wood scow." Koch, who was in charge of the dredge at the time of the

collision, was not indeed shown to have been informed of the presence of the timbers; and the claimant argues that it should therefore not be charged with Parrish's information. We do not rest liability upon Parrish's failure to inform Koch; but we do not wish to be understood as holding that it would not be proper to do so.

Decree affirmed.